SENTELLE, Senior Circuit Judge,
dissenting:
I respectfully dissent from the majority’s opinion in this case, not because I disagree with the merits but because I believe the court should not reach them. I therefore express no opinion on the merits and instead disembark at the question of timeliness.
As the majority acknowledges, petitions for review of an FAA order must be filed “not later than 60 days after the order is issued.” 49 U.S.C. § 46110(a); see Maj. Op. at 968. Nevertheless, as my colleagues note, the petitions in this case were filed “more than half a year too late.” Maj. Op. at 969. Such late filing is excused “only if there are reasonable grounds for not filing” within the 60-day period. § 46110(a); see Maj. Op. at 969. The majority relies on two cases, Paralyzed Veterans of America v. Civil Aeronautics Board, 752 F.2d 694 (D.C. Cir. 1985), rev’d on other grounds sub nom. U.S. Dep’t of Transp. v. Paralyzed Veterans of Am., 477 U.S. 597, 106 S.Ct. 2705, 91 L.Ed.2d 494 (1986), and Safe Extensions, Inc. v. FAA, 509 F.3d 593 (D.C. Cir. 2007), for its conclusion that reasonable grounds exist in the present case. See Maj. Op. at 969-71. Both cases, however, are distinguishable.
As my colleagues in the majority acknowledge, in Paralyzed Veterans, “the Board promulgated a final rule but ‘explicitly left its rulemaking docket open in order to receive additional comments from the public.’” Maj. Op. at 969 (citing Paralyzed Veterans, 752 F.2d at 705 n.82). This unusual circumstance, prompting the- petitioners to wait for further changes to the rule before filing for review, constituted reasonable grounds within the meaning of § 46110(a). And, as the majority acknowledges in discussing Safe Extensions, that case involved the FAA instructing parties to ignore an order as it would be modified and revised. Safe Extensions, 509 F.3d at 603; Maj. Op. at 969-70. The petitioner accordingly waited to file and, given that unique context, we concluded reasonable grounds existed for delayed filing. Safe Extensions, 509 F.3d at 604. These factual contexts are distinguishable from the present case, in which the FAA never promised to suspend the existing order and explicitly had the new flight paths continue while it considered the possibility of future changes. Mere agency acknowledgment of the possibility of future modification is not a rare circumstance; Paralyzed Veterans and Safe Extensions are instead the truly rare circumstances of an agency explicitly inducing warranted delay by a putative petitioner. Agencies are often welcome to re-initiate the decision-making process at some future point and to follow the necessary procedures to change their minds— this mere possibility, or even the mention of it, cannot, be enough to excuse a petitioner’s failure to file within the statutorily mandated 60-day period. Otherwise, the statutory limit would cease to have meaning.
Instead, as we observed in Electronic Privacy Information Center v. FAA, 821 *976 F.3d 39, 43 (D.C. Cir. 2016), “[w]e have rarely found ‘reasonable grounds’ under section 46110(a).” Safe Extensions (and, by comparison, Paralyzed, Veterans) is the “rare instancet ]” of such reasonable grounds, not the rule. Nat’l Fed’n of the Blind v. U.S. Dep’t of Transp., 827 F.3d 51, 57 (D.C. Cir. 2016). Because reasonable grounds are so infrequent, the onus is almost always on the petitioners to protect themselves and file within the 60-day time-frame. The FAA’s failure to act with perfect clarity is not sufficient to remove petitioners’ duty to protect themselves. See, e.g., Nat’l Fed’n of the Blind, 827 F.3d at 57-58; Elec. Privacy Info. Ctr., 821 F.3d at 42-43; Avia Dynamics, Inc. v. FAA, 641 F.3d 515, 521 (D.C. Cir. 2011). Mere confusion over where or when to file, lack of clarity by the FAA in its communications, ignorance, and lack of notice do not suffice, at least independently, to qualify as reasonable grounds for delay under § 46110(a) and our precedent. See Nat’l Fed’n of the Blind, 827 F.3d at 57-58; Elec. Privacy Info. Ctr., 821 F.3d at 42-43; Avia Dynamics, 641 F.3d at 521. Such grounds are rare and found in unique circumstances, such as Safe Extensions and agency procurements of delay by promising a new order and instructing parties to ignore the prior one, or Paralyzed Veterans and an agency leaving its rulemaking docket open during the modification process, where delay “simply served properly to exhaust petitioners’ administrative remedies,” 752 F.2d at 705 n.82. No such unusual facts are in the present case. I would determine that petitioners lacked reasonable grounds for untimely filing.
I note in passing the majority’s references to petitioners’ notice and knowledge of the FAA’s proceedings having come through “low-level” employees. See Maj, Op. at 966-67, 971. I do not see that this can help establish reasonable grounds for any delay, let alone one stretching six months beyond the 60-day statutory provision. There was ample time for the higher-ups to gain and act on adequate knowledge.
In concluding that petitioners did not have reasonable grounds for waiting six months to file for review, I do not contend that the FAA acted with perfect clarity at all times. However, the record does not suggest to me that petitioners had a clear reason, akin to those rare instances present in Paralyzed Veterans and Safe Extensions, to forego at the very least a protective filing. For this reason, I would decide this case on the question of timeliness, deny the petitions for review, and decline to reach the merits of their arguments.